IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Antonio Clark, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Clearwire Corporation; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Antonio Clark, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Antonio Clark ("Plaintiff"), is an adult individual residing in Duluth, Georgia, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant Clearwire Corporation ("Clearwire"), is a Washington business entity with an address of 1475 120th Avenue Northeast, Bellevue, Washington 98005, operating as a collection agency, and is a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Agents") are individual agents employed by Clearwire and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      Clearwire at all times acted by and through one or more of the Agents.

## FACTS

8.      In or around August 2013, Clearwire began calling Plaintiff's cellular telephone, number 470-xxx-1832.

9.      At all times mentioned herein, Clearwire placed calls to Plaintiff's cellular telephone from number 866-390-4257 using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

10.     When Plaintiff answers a call from Clearwire he is met with a recording that requests Plaintiff to return the call to Clearwire and there is not a person with whom Plaintiff can speak.

11. During a conversation with Clearwire in October 2013, Plaintiff requested that they cease all calls to his cellular telephone.

12. Plaintiff had a previous business relationship with Clearwire and had provided his cellular telephone number to Clearwire.

13. However, Clearwire no longer had consent to call Plaintiff's cellular telephone after Plaintiff requested that Clearwire cease all calls.

14. Regardless of Plaintiff's revocation, Clearwire continued to place calls to Plaintiff's cellular telephone knowing that it no longer had consent to do so.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Clearwire called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

17. Despite Plaintiff revoking his consent for Clearwire to contact him on his cellular telephone, Clearwire continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls.  As such,

each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Clearwire was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Clearwire to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 23, 2013

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Antonio Clark
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com